Wells, Referee.
I have been attended from time to time by the petitioner and his attorney and counsel, Mr. William G. Valentine, and by Mr. N. Ii. Baker, .the district attorney of Westchester county, on behalf of the people, and of Arminia Mirserly (called also Arminia Greene). And I have taken all the testimony and proofs offered by the respéctive parties.
The principal witness who testified as to any unchaste or improper conduct of the petitioner, were the said Arminia and Charlotte Wilkes, a colored girl. The former testified to sexual intercourse between the petitioner and Mrs. Kate A. Searls, under strange and not very probable circumstances, but Mrs. Searls testified that the charges were entirely untrue, and that no such intercourse ever took place. And I consider the testimony on that subject as balanced, to say the least, and in my opinion the charge is not sustained.
Charlotte Wilkes, a young colored girl,' was produced and swore to sexual connection between herself and the petitioner, but afterwards, at a later hearing of the case, she came upon the stand and retracted all her testimony on that subject, and swore it was false, and that she knew it was false, and that she was induced to testify as she did at first, by the request and promise of Arminia Mirserly, and that she had received from Arminia a pair of bracelets, to induce her to testify against the petitioner. I consider the testimony of this girl totally unworthy of credit, and that it should be rejected and disregarded.
Aside from the testimony of the two females, there is nothing to impeach the conduct of the petitioner since the divorce was obtained by his former wife, Elizabeth M. Greene, more than five years ago, except that he continued to live with Arminia, whom he had married before the divorce, and by whom he had a son, now aged about ten years. This cohabitation seems to have been conducted with external decency, and in part for the *454 sake of the child, until differences sprang up between them, when they separated, and all intercourse between them ceased some time before he presented his petition in this matter. The petitioner expresses his readiness to take upon himself the support and care of the child, if the mother will consent thereto.
The petitioner is shown to be an industrious and honest man in business matters, and carries on the business of a meat butcher in the village of Sing Sing, in Westchester county.
While the petitioner’s conduct may not have been as circumspect and prudent as might be expected of better educated persons, yet, considering his condition and circumstances in life, I am of the opinion that his conduct has been uniformly good within the meaning and intent of the law, and that, as his former wife, Elizabeth M., has married again, he should be permitted and encouraged to marry and re-establish a home and a household, as he is only thirty years old.
Annexed to his report was the testimony.
William G. Valentine, for petitioner.
GIilbebt, J., confirmed the report and granted the .petition.